UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISSY MARREL CARSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:21-cv-00004-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF No. 16, 19) |

　　　　This matter is before the Court on Plaintiff Missy Marrel Carson's ("Plaintiff") complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 8, 10, 11.)

　　　　The matter was taken under submission on the parties' briefs without a hearing. Having reviewed the record, the administrative transcript, the parties' briefs, and the applicable law, the Court finds as follows.

**I.　　DISCUSSION**

　　　　Plaintiff makes the following arguments:

　　　　1. The Administrative Law Judge ("ALJ") erred at Step Three, because she failed to

consider properly whether Plaintiff's impairment meets or equals Listing 1.04 for disorders of the spine; and

2. The ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations, and failed to offer clear and convincing reasons for rejecting Plaintiff's subjective complaints.

**A.     Consideration of Listing**

Plaintiff first argues that the ALJ erred by failing to properly consider whether Plaintiff's impairment meets or equals Listing 1.04 for disorders of the spine.

"An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis v. Apfel* 236 F.3d 503, 512 (9th Cir. 2001).

The ALJ stated as follows regarding Listing 1.04:

> The claimant's degenerative disc disease (lumbar) does not meet the criteria of listing 1.04, Disorders of the Spine, as there is no evidence of nerve root compression, limitation of motion of the spine, and motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and positive straight leg raising tests (sitting and supine).

(A.R. 18).

Listing 1.04 provides:[1]

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic

---

[1] Effective April 2, 2021, Listing 1.04 was replaced by Listing 1.15, "Disorders of the skeletal spine resulting in compromise of a nerve root(s)," and Listing 1.16, "Lumbar spinal stenosis resulting in compromise of the cauda equina." See 85 Fed. Reg. 78164-01. *Jason Baily v. Kilolo Kijakazi*, CV 20-1163 KK, 2021 WL 5865614, at *9 n. 9 (D.N.M. Dec. 10, 2021). Plaintiff filed her claim on July 5, 2018. The Court applies the Listing as it appeared at the time of Plaintiff's application. *See Maines v. Colvin*, 666 F. App'x 607, 608 (9th Cir. 2016) (A claimant's eligibility for benefits, once determined, is effective based on the date his or her application is filed. 42 U.S.C. § 1382(c)(7). Absent express direction from Congress to the contrary, the ALJ should have continued to evaluate L.M.'s application under the listings in effect at the time she filed her application.").

distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

Plaintiff argues that the ALJ's lack of analysis alone renders her opinion legally insufficient and requires remand. Moreover, Plaintiff argues that the error is harmful in that Plaintiff satisfies many requirements of the listing. The Commissioner, in contrast, argues that the ALJ adequately discussed the evidence supporting her conclusion in another part of the opinion. It also argues that state agency medical consultants found that Plaintiff's impairments did not meet the listing, and that any error is harmless because Plaintiff did not meet the requirements of the listing.

Regarding whether the ALJ provided legally sufficient analysis, the Court finds that the ALJ's statement analyzing the Listing at step 3, quoted above, was not sufficient. It was boilerplate language without any evidence or analysis.

The Court next looks to whether the remainder of the ALJ's opinion contained sufficient explanation for the ALJ's conclusion. The ALJ addressed the evidence related to Plaintiff's spine impairments elsewhere in her opinion as follows:

> An MRI of the claimant's lumbar spine dated October 2017 was positive for L4-L5 disc bulge with moderate left lateral recess and mild left neural foraminal stenosis with L5-S1 degenerative facet hypertrophy (Ex. 3F, pg. 37, 38). The claimant received a series of lumbar epidural injections in April 2018 that reduced her pain from 10/10 to 6/10 (Ex. 3F, pg. 16).
>
> An August 15, 2018 consultation for her back pain showed the claimant with a weight of 281 pounds for a BMI of 48.23 (Ex. 2F, pg. 18). Physical exam found abnormal gait, positive supine straight leg raising at 60 degrees on the right (negative seated, bilaterally), and some decreased strength in the right lower extremity; the claimant was diagnosed with a bulging L4-5 disc causing spondylosis and radicular pain. She was prescribed Norco and Gabapentin for pain and advised on weight loss (Ex. 2F, pg. 16-20).The claimant was stable and unchanged at September 2018 follow-up; her medications were refilled (Ex. 3F, pg. 2-5). A concurrent EMG found no "electrodiagnostic evidence of large fiber peripheral polyneuropathy, lumbar radiculopathy, or any other nerve entrapment neuropathies," (Ex. 5F, pg. 24). In October 2018, the claimant reported reduced pain levels of 4/10 with use of medications, and reported taking her last dose 2 days prior (Ex, 5F, pg. 13); exam found reduced lumbar range of motion and sensation in right L4-5 dermatomes, consistent with prior exams, indicating stability (Ex. 5F, pg. 13-16).

> In November 2018 the claimant underwent an epidural nerve fiber density punch biopsy (Ex. 5F, pg. 11, 12) the results of which were "compatible with mild length dependent small fiber neuropathy," (Ex. 5F, pg. 35). Subsequent records show little change in objective findings or treatment despite her new diagnosis; the claimant continued to experience decreased lumbar range of motion, decreased sensation in the bilateral L4-5 dermatomes, and 4/5 strength of the bilateral knees and ankles. She remained obese at 279 pounds with a BMI of 47.89. She continued to report pain of 4/10 with medication use (Ex. 5F, pg. 1-4). The claimant's stable pain, reduced lumbar range of motion and slight decrease in bilateral knee and ankle strength is accounted for in the RFC via a reduction to the sedentary exertional level with a sit/stand option as well as limiting the claimant to occasional postural and reaching overhead plus preclusion of working near hazards. The claimant's ongoing symptomatic stability does not indicate a need for greater limitations.

(A.R. 18-19). While this summary of the medical evidence provides more relevant references to the record, it does not squarely explain how that evidence compares to the listing and supports the ALJ's conclusion in step 3. For example, it does not explicitly address whether there was evidence of nerve root compression, limitation of motion of the spine, or motor loss.

The Court next turns to whether the error in failing to adequately explain the ALJ's conclusion was harmless. The Commissioner argues that any error was harmless because Plaintiff did not meet the requirement of "if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." Here the evidence showed positive straight leg raising only in the supine position on the right side. But straight leg testing was negative in the left for supine, and negative in the sitting position in both right and left legs. (A.R. 339, 344 ("Lumbar provactive Tests Straight Leg in rising supine: Right: 60 degrees positive, Left: 45 degrees negative, Sitting straight leg raising: Right: negative, Left: negative.")).

Plaintiff's reply brief does not address this point. However, in Plaintiff's opening brief, Plaintiff argued that her impairment equaled the listing because "findings related to the impairments are at least of equal medical significance to those of a listed impairment." *Citing* SSR 17-02p. Plaintiff further explained:

> Plaintiff met a significant portion of the requirements of the listing including MRI findings of a disc bulge at L4-5 with paracentral herniated sic protrusion, lateral recess and neural foraminal stenosis, neuro-anatomic distribution of pain (radiculopathy), limited motion of the spine, motor loss (weakness), decreased

> sensation in the lower extremities, and positive straight leg raise in the sitting position. Tr. 339, 344, 399, 447. Plaintiff's radicular pain and symptoms from her back disorder are compounded by her small fiber neuropathy, a neuromuscular disorder.1 This disorder is characterized by cutaneous pain, numbness, and autonomic dysfunction, and Plaintiff's condition was verified by objective medical findings. Ar. 345, 347, 394

(ECF No. 16, at p. 7). The Commissioner does not address this argument in its brief.

The Court cannot conclude that any error was harmless. Although it appears, and Plaintiff concedes, that Plaintiff did not meet the listing, the Court cannot adequately assess whether the findings related to the impairments are at least of equal medical significance. The ALJ's opinion does not address this issue, Plaintiff makes a colorable argument on her behalf, and the Commissioner fails to address Plaintiff's argument.

Moreover, while the Commissioner states that "the state medical consultants also considered Plaintiff [sic] impairments and clearly determined that the medical evidence record [sic] established that Plaintiff had a severe spine MDI . . . but did not meet listing 1.04," (ECF No. 19, at p. 7), the Court could not locate any such reasoning in the state medical consultants' opinions. To the extent the Commissioner is suggesting that by finding a severe impairment, the consultants implicitly found those impairments did not meet a listing, that argument is not persuasive because it does not provide any reasoning for this conclusion.

Because the Court finds that the ALJ erred in failing to adequately explain her conclusion that Plaintiff did not meet or equal the listing for Disorders of the Spine, and the Court cannot conclude that such error was harmless, the Court will remand for further consideration of this issue.

**B.      Symptom Testimony**

Plaintiff next argues that the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's subjective complaints. Regarding this issue, the Ninth Circuit has provided the following guidance:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree

5

> of the symptom. Thus, the ALJ may not reject subjective symptom testimony ... simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). In weighing a claimant's credibility, an ALJ may consider, among other things, the claimant's reputation for truthfulness, inconsistencies either in the claimant's testimony or between her testimony and her conduct, the claimant's daily activities, her work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms. *Thomas v. Barnhart,* 279 F.3d 947, 958-59 (9th Cir. 2002) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the Court "may not engage in second-guessing." *Id.*

The ALJ found as follows regarding Plaintiff's subjective symptom testimony:

> At the hearing, the claimant testified that she lives with her husband and two teenaged children who perform most household tasks although she is able to do them in 5 minute increments with a break in-between. She reported decreased strength in the upper extremities that limit her ability to reach and carry; she shops with her husband, who also does all the cooking. Overall, the claimant's testimony is not persuasive; treatment records show no loss of strength or sensation in the upper extremities and indicate that her pain was reduced form [sic] 10/10 to 4/10 with use of medications (Ex. 2F, 3F, 4F, 5F, 6F). The undersigned notes that there has not been a referred for an orthopedic consultation by a surgeon, as well the claimant's primary care physician has not documented significant ongoing abnormal clinical findings, which furthers supports a finding that the symptoms experienced are not disabling. While the claimant does have substantial limitation due to her neuropathy, degenerative disc disease, and small fiber neuropathy, the claimant's symptoms are reasonably accounted for in the RFC via a reduction to the sedentary exertional level with a sit/stand option as well as limiting the claimant to occasional postural and reaching overhead plus preclusion of working near hazards.

(A.R. 20).

The records confirm a significant lessening of pain with medications. *See, e.g.*, A.R. 299 (noting 4/10 pain with medications and 9/10 without medications). Additionally, the fact that Plaintiff was not referred to an orthopedic consultation by a surgeon to even evaluate whether surgery could help her conditions legitimately casts doubt on the severity of her condition.

6

Moreover, the fact that Plaintiff's primary care physician did not document significant ongoing abnormal clinical findings is relevant insofar as those records document physical findings and limitations, even if Plaintiff was consulting elsewhere for her pain medication.

Accordingly, the Court finds that the ALJ provided sufficient reasons to not fully credit Plaintiff's subjective symptom testimony.

## II.     CONCLUSION AND ORDER

Accordingly, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further administrative proceedings consistent with this decision, specifically for further evaluation of whether Plaintiff's impairments meet or equal Listing 1.04 for disorders of the spine.

The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant.

IT IS SO ORDERED.

Dated:   **July 25, 2022**               /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE